**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| UNITED STATES, | § |
| | § |
| | §   Cr. No. C-06-821 (1) |
| v. | § |
| | § |
| WILLIAM GEOVANY VIVAR-LOPEZ. | § |

**AMENDED ORDER[1] DENYING MOTION FOR EXTENSION
OF TIME TO FILE MOTION UNDER 28 U.S.C. § 2255**

After pleading guilty pursuant to a written plea agreement, William Geovany Vivar-Lopez ("Vivar-Lopez") was sentenced by this Court on April 25, 2007. (D.E. 16, 17, 25). Judgment of conviction was entered against him on May 1, 2007. (D.E. 26). Although his sentencing counsel was granted leave to withdraw after sentencing and new counsel was appointed (D.E. 30), no notice of appeal was ever filed.

On December 31, 2007, the Clerk received from Vivar-Lopez a motion seeking copies of his plea agreement, his Presentence Investigation Report ("PSR"), and the rearraignment and sentencing transcripts at government expense. (D.E. 33.) The Court denied his motion without prejudice, noting that he had not yet filed a motion pursuant to 28 U.S.C. § 2255. (D.E. 34.) He was, however, sent the forms for filing such a motion.

On March 27, 2008, the Clerk received from Vivar-Lopez a *pro se* letter motion for extension, now pending before the Court. (D.E. 35.) In it, he requests an extension of time to file a motion pursuant to 28 U.S.C. § 2255. He claims that his unit has been on lockdown for several months, and

---

[1] The Court's prior order denying the same motion and relief erroneously indicated that it was signed on April 3, 2007. The date it was signed should have read April 3, 2008. This amended order contains the correct date, but is otherwise identical to docket entry 36.

that he has been – and continues to be – housed in a special unit with limited access to the law library and no access to a copier.

As an initial matter, the Court notes that the deadline for Vivar-Lopez to file a § 2255 motion has not yet passed. A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

In this case, Vivar-Lopez's conviction became final after the ten-day period for appealing expired and he failed to appeal, which was on May 15, 2007. Thus, he has one year from that date, or until May 15, 2008, to file his § 2255 motion, as calculated under 28 U.S.C. § 2255(1). The statute also provides certain alternative dates upon which the limitations period may begin, see 28 U.S.C. § 2255(2)-(4) and is also subject to equitable tolling "in rare and exceptional cases." United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)).

If Vivar-Lopez files his motion on or before May 15, 2008, therefore, it will be timely and no extension is necessary. To the extent that Vivar-Lopez is seeking an extension of time to file his motion later than May 15, 2008, the Court notes that equitable tolling and statutory tolling are available only in very limited circumstances. Moreover, the Court cannot consider a motion for extension or for tolling without a § 2255 motion before it. See United States v. Shipman, 61 Fed. Appx. 919, 2003 WL 1111561 (5th Cir. February 19, 2003) (unpublished) (affirming the district court's denial of a motion for extension of time to file a § 2255 motion filed without a motion on the merits, and agreeing with the reasoning of United States v. Leon, 203 F.3d 162 (2d Cir. 2000) that "a

2

federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed" because "[b]efore the petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.'").

Accordingly, if Vivar-Lopez wishes to file a § 2255 motion, he should do so as soon as possible. If he chooses to file a § 2255 motion, but does not file it before May 15, 2008, the Court will then have the jurisdiction to determine whether his is one of the rare and exceptional cases where tolling would be appropriate. The Court reaches no conclusions herein as to whether Vivar-Lopez would be entitled to any tolling as to any future motion. Instead, the Court will address the timeliness of any § 2255 motion filed by Vivar-Lopez after it is filed. Until that time, the Court lacks jurisdiction to entertain a motion for extension. See Shipman, supra.

## CONCLUSION

For the foregoing reasons, Vivar-Lopez's motion for extension (D.E. 35) is DENIED.

It is ORDERED this 3rd day of April, 2008.

_____
Janis Graham Jack
United States District Judge