**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| UNITED STATES, | § |
| | § |
| | § Cr. No. C-06-821 (1) |
| v. | § |
| | § |
| WILLIAM GEOVANY VIVAR-LOPEZ. | § |

**ORDER DENYING MOTION FOR STAY OF PROCEEDINGS**

By Order entered April 10, 2008, the Court denied Defendant William Geovany Vivar-Lopez's ("Vivar-Lopez") motion for an extension of time to file a 28 U.S.C. § 2255 motion. (D.E. 37.) In that Order, the Court held that it could not rule on a motion for extension of time to file a § 2255 motion without a proper motion before it. Thus, despite Vivar-Lopez's claims that his placement (on lockdown and housed in a special unit with limited access to the law library) prevented him from timely filing such a motion, the Court denied the motion for extension. (See D.E. 37.)

The Court noted, however, that Vivar-Lopez had until May 15, 2008 in order to timely file his § 2255 motion. (D.E. 37 at 2-3.) The Court's order continued:

> Accordingly, if Vivar-Lopez wishes to file a § 2255 motion, he should do so as soon as possible. If he chooses to file a § 2255 motion, but does not file it before May 15, 2008, the Court will then have the jurisdiction to determine whether his is one of the rare and exceptional cases where tolling would be appropriate. The Court reaches no conclusions herein as to whether Vivar-Lopez would be entitled to any tolling as to any future motion. Instead, the Court will address the timeliness of any § 2255 motion filed by Vivar-Lopez after it is filed. Until that time, the Court lacks jurisdiction to entertain a motion for extension.

(D.E. 37 at 3.)

In apparent response to the Court's prior order, instead of timely filing a § 2255 motion, Viva-

Lopez has instead filed a motion requesting an "indefinite stay" of his § 2255 proceedings. (D.E. 39.) As previously noted by the Court, Vivar-Lopez has not yet filed a motion pursuant to 28 U.S.C. § 2255. Thus, there are no "proceedings" to stay. Similarly, to the extent that Vivar-Lopez is seeking an extension of time to file a § 2255 motion, the Court is without jurisdiction to consider a request for extension until it has a § 2255 motion before it. (See D.E. 37.) Accordingly, Vivar-Lopez's motion is DENIED. If he wants the Court to consider granting him an extension of time to file a § 2255 motion, he must actually file such a § 2255 motion and explain why it is not timely.

Moreover, the Court notes that Vivar-Lopez's claim that he is unable to prepare his § 2255 motion due to his current housing placement is undermined by the fact that he has filed several motions and letters with the Court while in that same placement. (See D.E. 35, 38, 39.) It is thus clear that Vivar-Lopez is not prevented from physically filing documents with the Court. Although a motion pursuant to 28 U.S.C. § 2255 is admittedly more involved than a motion for extension of time, the Court has previously directed that § 2255 forms be sent to Vivar-Lopez, and those forms do not require citation to cases or legal authority, but merely a recitation of the facts Vivar-Lopez believes entitle him to relief. Although it reaches no conclusions as to the timeliness of any future § 2255 motion by Vivar-Lopez, the Court is uncertain as to why Vivar-Lopez is unable to file his motion now.

## CONCLUSION

For all of the foregoing reasons, Vivar-Lopez's motion for an indefinite stay of proceedings (D.E. 39) is DENIED.

It is ORDERED this 15th day of May, 2008.

_____
Janis Graham Jack
United States District Judge

2